OPINION
{¶ 1} Defendant-appellant Anwar Abdalla appeals from the revocation of his community control sanctions, followed by the imposition of a sentence of six months imprisonment, upon the ground that he failed to pay his attorney's fees ordered to be paid as part of supervision fees and court costs. Abdalla contends that this is not a *Page 2 
proper basis for the revocation of community control sanctions, and the State confesses error in this regard. We agree.
 {¶ 2} The order of the trial court revoking Abdalla's community control sanctions and imposing a sentence of six months imprisonment is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 3} Abdalla was originally the subject of a complaint, in Kettering Municipal Court, charging him with Harassment by an Inmate (bodily substances), in violation of R.C. 2921.38(A). Almost a month later, in June, 2007, Abdalla was charged by indictment with one count of having, while confined in a detention facility, and while having knowledge that he was a carrier of the virus causing acquired immunodeficiency syndrome (AIDS), was a carrier of a hepatitis virus, or was infected with tuberculosis, and with the intent to harass, annoy, threaten, or alarm another person, to wit: Officer Jason Neubauer, caused or attempted to cause that person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing that bodily substance at the other person, by expelling that bodily substance upon the other person, or in any other manner, in violation of R.C. 2921.38(B). There seems to have been an error in this indictment, since the language of the indictment implicates R.C. 2921.38(C), not 2921.38(B). This error is of no consequence to this appeal, however.
 {¶ 4} On August 30, 2007, a bill of information was filed, alleging that Abdalla violated R.C. 2921.38(B), with specific factual allegations similar to those in the indictment, but omitting the allegations that Abdalla had knowledge that he was a carrier *Page 3 
of one of the specified viruses, or that he was infected with tuberculosis.
 {¶ 5} The next day, Abdalla filed a motion for intervention in lieu of conviction. No ruling on this motion is set forth in the record.
 {¶ 6} On October 2, 2007, Abdalla pled guilty to the charge set forth in the bill of information, and the charge set forth in the indictment was dismissed. Abdalla was sentenced to community control sanctions, including ten days in the Montgomery County Jail, and ordered to pay "all costs of prosecution, * * *, and any fees permitted pursuant to R.C. 2929.18(A)(4) and 2951.021."
 {¶ 7} In February, 2008, a notice of revocation hearing was filed. The hearing was held on March 17, 2008. The trial court ordered revocation of Abdalla's community control sanctions based upon his failure to pay attorney's fees ordered to be paid as part of his supervision fees. The basis for the revocation hearing was Abdalla's having been arrested for Assault, but that charge was dismissed before the revocation hearing.
 {¶ 8} At the conclusion of the revocation hearing, the trial court decided to revoke Abdalla's community control sanctions, and set the matter of sentencing for hearing on March 31, 2008.
 {¶ 9} On March 31, 2008, the trial court entered the following order:
 {¶ 10} "On MARCH 31, 2008 this matter came on to be heard, the offender being present in open Court with counsel for Intervention in Lieu of Conviction (ILC) status. It having come to the attention of the Court that the offender was unsuccessful at completing the drug treatment program outlined by the Court.
 {¶ 11} "It is hereby ORDERED that the Intervention in Lieu of Conviction (ILC) previously granted in this case be REVOKED. The executed plea forms shall be filed *Page 4 
with the Clerk of Courts."
 {¶ 12} This entry is somewhat mysterious. We do have in the record a transcript of Abdalla's sentencing hearing on that same date, March 31, 2008, but there is no reference therein to Intervention in Lieu of Conviction. Furthermore, although the record reflects that Abdalla moved for Intervention in Lieu of Conviction on August 31, 2007, the record does not reflect any disposition of this motion, which presumably became moot when Abdalla pled guilty to the charge set forth in the bill of information, the charge set forth in the indictment was dismissed, and Abdalla was sentenced to community control sanctions.
 {¶ 13} By entry filed April 2, 2008, the trial court sentenced Abdalla to imprisonment for six months, and implicitly revoked the community control sanctions previously imposed. Abdalla filed this appeal from the trial court's order of April 2, 2008. We stayed the sentence pending appeal by our entry of June 3, 2008.
 II {¶ 14} Abdalla's sole assignment of error is as follows:
 {¶ 15} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY CONTROL AND INTERVENTION IN LIEU OF CONVICTION."
 {¶ 16} Abdalla cites R.C. 2951.021(A)(4) for the proposition that his failure to comply with a condition of community control requiring him to pay a monthly supervision fee "shall not constitute the basis for the modification of [his] community control sanctions * * * but may be considered with any other factors that form the basis of a *Page 5 
modification of a sanction for violating a community control sanction under those sections." Because there was no other basis for revoking Abdalla's community control sanctions, he argues that the trial court lacked the authority to do so.
 {¶ 17} The State confesses error in this regard, and we agree.
 {¶ 18} Abdalla also challenges the propriety of the trial court's having revoked his intervention in lieu of conviction. In the first place, this is not the order from which this appeal is taken. Secondly, although the trial court, in its order of March 31, 2008, purported to have revoked Abdalla's intervention in lieu of conviction, there is nothing in this record to reflect that intervention in lieu of conviction was ever ordered by the trial court. A motion for intervention in lieu of conviction was filed in August, 2007, but the record reflects that this motion was still pending, undecided, when Abdalla's plea of guilty to the charge set forth in the bill of information, and the dismissal of the charge set forth in the indictment, made the pending motion moot.
 {¶ 19} Abdalla's sole assignment of error is sustained to the extend that we find that the trial court erred when, in its termination entry of April 2, 2008, it revoked his community control sanction and imposed a six-month sentence.
 III {¶ 20} Abdalla's sole assignment of error having been sustained to the extent indicated, the order of the trial court filed April 2, 2008, imposing a six-month sentence and, by implication, terminating Abdalla's community control sanction, is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
GRADY and FROELICH, JJ., concur.
Copies mailed to:
Mathias H. Heck Michele D. Phipps Andrea G. Ostrowski Hon. A. J. Wagner *Page 1